David BAEZ–ARANDA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71317.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2007 *.

Filed July 25, 2007.

Bill Waddell, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan K. Houser, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

MEMORANDUM **

David Baez–Aranda, a native and citizen of Mexico, petitions for review of the BIA's

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

final order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(b)(5)(A) and review de novo. *Minasyan v. Gonzales*, 401 F.3d 1069, 1074 (9th Cir.2005). We deny the petition for review.

Baez–Aranda asserts that the BIA and IJ erred in rejecting his claim of derivative citizenship under 8 U.S.C. § 1432(a) (1988).[1] The only issue in this case is whether Baez–Aranda "be[gan] to reside permanently in the United States while under the age of eighteen." *Id.* § 1432(a)(5). When his mother was naturalized, Baez–Aranda was residing in the United States as a temporary resident pursuant to 8 U.S.C. § 1255a. Baez–Aranda did not became a lawful permanent resident until after he turned 18 years. Even though he was eligible to adjust to lawful permanent residence before he turned 18, Baez–Aranda did not seek to adjust his status before age 18. Therefore, he did not "begin[ ] to reside permanently" prior to age 18 and did not become a derivative citizen.

PETITION FOR REVIEW DENIED.

---

1. This provision was repealed by the Child Citizenship Act of 2000 ("CCA"), Pub.L. No. 106–395, §§ 103(a) and 104, 114 Stat. 1631 (2000). Baez–Aranda turned 18 prior to the February 27, 2001 effective date of the CCA and his mother was naturalized on May 13, 1988. Therefore, we apply the 1988 version

of the derivative citizenship statute. *Minasyan*, 401 F.3d at 1075; *Hughes v. Ashcroft*, 255 F.3d 752, 758–60 (9th Cir.2001).